Learned, P. J.
The defendant was liable, as maker of the note, although the word “surety” preceded his signature. It was good pleading to set forth the note in the complaint. Code, § 534. The note is sufficient evidence prima facie of consideration.
The testimony offered by the witness Lochrow was properly excluded. So far as it went, it was intended to prove payment, or partial payment. And this had not been pleaded.
Payment must be pleaded; and that rule is in force, notwithstanding the formal allegation in a complaint of non? payment. If payment had been made, it could be pleaded by the defendant, although it had not been made by him.
The offer to prove an agreement of the parties to extend the time was properly rejected. It was evidently an offer to prove an agreement made at the . time of the giving of the note. In other words it was an offer to change a written *731 ■agreement by contemporaneous conversation. It was not an offer to prove a subsequent agreement, on a valid consideration, changing the time of payment.
The possession of the note by plaintiff is prima facie evidence of delivery. And in the absence of proof to the contrary the court properly held that it was delivered.
Judgment affirmed, with costs.
Landon and Bockes, JJ., concur.